# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Jimmie L. Washington,** | ) | **CASE NO. 5: 23 CV 1219** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Judge Elinore Stormer,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Jimmie L. Washington, currently a federal prisoner incarcerated at FCI Tucson in Arizona, has filed a civil rights complaint in this matter under 42 U.S.C. § 1983 against Summit County Court of Common Pleas Judge Elinore Stormer. (Doc. No. 1.) He contends Judge Stormer violated his rights in May 2009 by "forging Judge Mary Rowlands signature" on an order continuing a pretrial conference in a criminal case against him in Summit County. (*See id*. at 6, ¶ I(1); *State of Ohio v. Washington*, No. CR 2009-03-980, May 8, 2009 Docket Entry (Summit Cty. Ct. of Comm. Pls.)). He seeks monetary relief. He has also filed a motion for a "declaratory judgment." (Doc. No. 4.)

Plaintiff did not pay the filing fee in the case. He instead filed a motion to proceed *in forma pauperis*. (Doc. No. 2.)

Pursuant to 28 U.S.C. § 1915(g), a prisoner is prohibited from bringing a civil action or appealing a judgment in a civil action *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous or malicious, or fails to state claim upon which relief may be granted, unless the prisoner is under imminent danger of

serious physical injury."

Plaintiff has, on three prior occasions while incarcerated or detained in a facility, filed a civil action in federal court that was dismissed on grounds that it was frivolous or malicious or failed to state claim upon which relief may be granted. *See, e.g., Washington v. State of Ohio, et al.*, No. 5: 21 CV 2003 (N.D. Ohio Mar. 4, 2022)[1]; *Washington v. Ohio Adult Parole Authority, et al.*, No. 3: 18 CV 1951 (N.D. Ohio Feb., 1, 2019): *Washington v. Chris Gerren*, No. 1: 18 CV 1347 (N.D. Ohio Oct. 3, 2018).

Plaintiff has not set forth facts demonstrating, and the Court does not find, he is in "imminent danger of serious physical injury" within the meaning of the rule. Accordingly, Plaintiff's motion to proceed *in forma pauperis* is DENIED.

Further, the Court finds it would be futile to require Plaintiff to pay the filing fee in order to proceed with the case because the Court finds, upon its own review, that his complaint warrants *sua sponte* dismissal pursuant to 28 U.S.C. § 1915A. Under § 1915A, a district court is required to dismiss as soon as practicable after docketing any "complaint in a civil case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" that is frivolous or malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)(b).

Judge Stormer is entitled to absolute immunity from Plaintiff's suit. It is well-established that judicial officers are absolutely immune from civil suits for money damages

---

[1] Plaintiff represented on the motion to proceed *in forma pauperis* he filed with his complaint in this case that he could not pay the filing fee because he was incarcerated "in the county jail." *See* No. 5: 21 CV 2003, Docket Entry No. 2 at 4.

arising out of the performance of judicial functions even if they act erroneously or in bad faith. *Mireles v. Waco*, 502 U.S. 9, 11 12 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). There are only two sets of circumstances in which a judicial officer is not entitled to immunity. A judge is not immune from liability for "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," or actions "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12.

Plaintiff has not demonstrated either of these circumstances. He states in purely conclusory terms that Judge Stormer engaged in a non-judical act and had no jurisdiction to "forge" Judge Rowland's signature (*see* Doc. No. 1. at 9), but his allegations against Judge Stormer clearly arise out of and pertain to the judicial act of signing a continuance order in a criminal case, and his purely conclusory accusation of "forgery" by the Judge, without any cogent specific supporting facts, fails to demonstrate that the Judge acted in the "complete absence of all jurisdiction."

In addition to immunity, Plaintiff's complaint is subject to dismissal because it is clearly time-barred. Plaintiff purports to bring this federal action under § 1983, which is governed by a two-year statute of limitations. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). His complaint pertains to conduct by Judge Stormer that occurred in May 2009, but he did not file this action until June 2023, well after the statute of limitations on any § 1983 claim arising from the Judge's alleged conduct would have expired. Accordingly, his complaint is subject to dismissal under § 1915A for this reason as well. *See Fraley v. Ohio Gallia Cnty*., No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998) (*sua sponte* dismissal "is appropriate where the complaint bears an affirmative defense such as the statute of limitations and is therefore

frivolous on its face").

## Conclusion

For the foregoing reasons, Plaintiff's motions to proceed *in forma pauperis* (Doc. No. 2) and for a declaratory judgment (Doc. No. 4) are denied, and this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order is not taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 9/6/23